**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David P. GEOZOS, Defendant–
Appellant.**

No. 07–30266.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2008.*

Filed Aug. 6, 2008.

Jo Ann Farrington, Esq., Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Colleen A. Libbey, Anchorage, AK, for Defendant–Appellant.

---

* The Honorable Robert E. Jones, Senior U.S. District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM **

David Geozos appeals the 180–month sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm the sentence because Geozos is subject to a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

The district court correctly concluded that Geozos is an armed career criminal because he had at least three previous convictions for violent felonies. *See* 18 U.S.C. § 924(e)(1). Geozos does not dispute that his previous conviction for assault qualifies as a crime of violence. Geozos' contention that his three 1981 convictions for robbery should be treated as one offense is unavailing because they were temporally distinct. *See United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir.1998). Additionally, neither the nature of the plea nor the age of the prior convictions exempts them from the scope of the ACCA. *See United States v. Alvarez*, 972 F.2d 1000, 1006 (9th Cir.1992) (per curiam) (age of conviction is not relevant under ACCA); *United States v. Williams*, 47 F.3d 993, 995 (9th Cir.1995) (plea of nolo contender establishes a "conviction" for the crime charged in the indictment).[1] Accordingly, Geozos falls within the sentencing mandate of the ACCA.

The district court lacked the discretion to impose a sentence below the statutory mandatory minimum sentence. *See Unit-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We need not reach the issue of whether Geozos' 1992 conviction for burglary under

*ed States v. Hernandez–Castro*, 473 F.3d 1004, 1007 (9th Cir.2007). Geozos' argument that after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts have the discretion to deviate from statutory mandatory minimums is foreclosed by this circuit's case law. *See, e.g., United States v. Mueller*, 463 F.3d 887, 892 (9th Cir.2006).

**AFFIRMED.**

---

Florida law constitutes a crime of violence because the assault and robbery convictions qualify Geozos for treatment under the ACCA.