# United States Court of Appeals

## For the First Circuit

No. 14-2292

UNITED STATES OFAMERICA,

Appellee,

v.

TODD FAUST,

Defendant - Appellant.

Before

Torruella, Lynch, and Barron, Circuit Judges.

**ORDER OF COURT**

**Entered:   July 19, 2017**

Appellee's petition for rehearing is denied.

**LYNCH**, **Circuit Judge, dissenting from the denial of panel rehearing**.   I concurred in the judgment reached by the panel in United States v. Faust, 853 F.3d 39 (1st Cir. 2017).   The panel in Faust held that the Massachusetts offense of assault and battery on a police officer ("ABPO") is divisible and that its intentional form does not count as a "violent felony" under the Armed Career Criminal Act ("ACCA"), which mandates a minimum of 15 years' imprisonment for "a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both."   18 U.S.C. § 924(e)(1); see Faust, 853 F.3d at 58.   In the course of its analysis, the panel opinion suggested -- without deciding -- that a sentencing court may be limited to consulting "the law . . . at the time of [a defendant's] conviction" when determining whether that conviction counts as a predicate offense for the ACCA sentencing enhancement.   Faust, 853 F.3d at 57 (emphasis added).   The government has petitioned for panel rehearing, seeking clarification on whether a court conducting the predicate-offense analysis is confined to considering only those precedents that existed at the time of the defendant's prior

conviction. This is an important question to which the panel should devote more attention. I would grant the government's petition.

Citing the Supreme Court's decision in McNeill v. United States, 563 U.S. 816 (2011), the Faust panel opinion stated "that when applying the ACCA[,] the task for the sentencing court is to determine the defendant's 'previous conviction' and '[t]he only way to answer this backward-looking question is to consult the law that applied at the time of that conviction.'" Faust, 853 F.3d at 57 (second alteration in original) (quoting McNeill, 563 U.S. at 820). Faust further observed that in McNeill, a unanimous Court "pointed to its previous ACCA cases, which [had] looked to the versions of state law that were current at the time of the defendant's convictions, not at the time of the Court's decision." Id. (citing McNeill, 563 U.S. at 821–22). In light of McNeill, the Faust panel expressed concern about whether we could employ, in the ACCA context, the "informed prophecy" approach that this circuit set forth in United States v. Tavares, a Sentencing Guidelines case. See Tavares, 843 F.3d 1, 14–17 (1st Cir. 2016) (analyzing whether the Massachusetts offense of assault and battery with a dangerous weapon is a "crime of violence" under the Sentencing Guidelines and noting that, when a state's highest court has not spoken on an issue of state law, we must predict how that court would rule).

As the government's petition notes, however, McNeill involved a state statute that had been legislatively rewritten. In the period between 1991 and 1994, during which the defendant in that case racked up six North Carolina drug-trafficking convictions, each of the relevant crimes carried a ten-year maximum sentence, thus satisfying ACCA's definition of a "serious drug offense." McNeill, 563 U.S. at 818; see also 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offense" as "an offense under State law, involving . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"). As of October 1, 1994, the North Carolina legislature reduced the maximum sentence for one of the crimes to 38 months and for another of the crimes to 30 months. McNeill, 563 U.S. at 818. Under those circumstances, the Supreme Court held that the district court, at the defendant's federal sentencing, had properly consulted the version of state law that was in effect at the time of the defendant's state convictions, rather than the version in effect following those convictions. Id. at 820–24.

It is far from clear whether McNeill should govern the analysis in a case like Faust, in which the text of the Massachusetts ABPO statute remains unchanged and only judicial interpretations of that statute have developed over time. Cf. DIRECTV, Inc. v. Imburgia, 136 S. Ct. 463, 469 (2015) ("[J]udicial construction of a statute ordinarily applies retroactively." (citing Rivers v. Roadway Express, Inc., 511 U.S. 298, 312–313 (1994))). Indeed, with ACCA's enactment, Congress intended to affect federal sentencing at the time of a defendant's federal conviction, not at the time of his prior predicate state convictions. Given this purpose behind ACCA, it is at least sensible to think that the predicate status of a state conviction is meant to be determined with reference to the law existing at the time of the defendant's § 922(g) federal sentencing.

The Supreme Court has yet to squarely address this question. In the meantime, the government argues that this aspect of Faust, if taken as law, will further complicate federal

- 2 -

sentencing law: sentencing courts may restrict their consideration to only the elements of the offense as they were understood at the time of the defendant's state conviction. This risks turning ACCA's divisibility inquiry, the government says, "into an archeological dig aimed at figuring out how courts construed the elements in the past and what [jury] instructions may have been given at a particular moment in time." This matter strikes me as sufficiently important to warrant rehearing the case, so that we may further clarify our views.

In my prior concurring opinion in <u>Faust</u>, I made the point that issues like this one were not necessary to the outcome of the case. See <u>Faust</u>, 853 F.3d at 60–61 (Lynch, J., concurring). Nonetheless, in light of the government's reasonable concerns about the potential implications of the <u>Faust</u> decision, I would grant the government's petition.

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc:
Hon. Michael A. Ponsor
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Todd E. Newhouse
Dina Michael Chaitowitz
Randall Ernest Kromm
Myles Jacobson
Todd Faust
Judith H. Mizner