**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15837 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01251-JCM |
| v. | 2:04-cr-00148-JCM-LRL-1 |
| JEFFREY MICHAEL DONNELLY, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted January 9, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.** Jeffrey Donnelly's motion under 28 U.S.C. § 2255 is timely. He filed the motion contesting his Armed Career Criminal Act (ACCA) sentencing enhancement within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as required by 28 U.S.C. § 2255(f)(3).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Donnelly's motion relies on *Johnson*, which invalidated the ACCA's residual clause, because it challenges a sentence that may have been based on the legal theory that *Johnson* rejected. *United States v. Geozos*, 870 F.3d 890, 894–95 (9th Cir. 2017). The sentence may have been based on an invalid legal theory because "it is unclear from the record whether the sentencing court relied on the residual clause." *Id.* at 895. The Presentence Report and sentencing minutes—the only relevant documents available—do not specify which clause was the basis for Donnelly's sentence. Nor does the district court's later characterization of the 2005 sentence or the legal background in 2005 clarify the basis. *See id.* at 897.

2. Donnelly's motion must be granted. Two of Donnelly's three predicate convictions are for robbery and armed robbery in violation of Fla. Stat. § 812.13. But under *Geozos*, which was decided after the district court ruled, convictions under § 812.13 do not qualify as convictions for a violent felony. *See id.* at 897, 899 n.8, 901. Thus, Donnelly lacks the three violent felony convictions needed for an ACCA enhancement. *See* 18 U.S.C. § 924(e)(1); *Geozos*, 870 F.3d at 893.

We reverse the district court's order denying Donnelly's § 2255 motion and remand with instructions to vacate Donnelly's sentence. *See Geozos*, 870 F.3d at 901. Because Donnelly has already served more than the maximum ten year term authorized for a § 922(g)(1) conviction absent an ACCA enhancement, the district

court shall direct that Donnelly be released from custody immediately. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2); *Geozos*, 870 F.3d at 901. On remand, the district court may exercise its discretion in imposing a lawful term of supervised release. *See* 18 U.S.C. § 3583. The mandate shall issue forthwith.

**REVERSED and REMANDED.**