NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55131 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01563-WQH |
| v. | 3:94-cr-00023-WQH-1 |
| RONALD DAVID JONES, JR., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 12, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,** District
Judge.

Defendant, Ronald David Jones, Jr., appeals from the district court's order

denying his motion pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28

U.S.C. § 1291. We review the denial of a section 2255 motion de novo, *United*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

*States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

In 1994, following convictions of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), knowing use of a firearm during the bank robbery, in violation of 18 U.S.C. § 924(c), and felon in possession of a firearm, in violation of 18 U.S.C. § 924(g), the district court sentenced Jones as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(e). Jones's three ACCA predicate convictions included robbery and attempted robbery in violation of California Penal Code §§ 211 and 611/211. Jones argues that after *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), and *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016), he no longer has three qualifying convictions required to trigger the enhanced sentence under the ACCA. Jones further argues that federal armed bank robbery is not a "crime of violence" under the force/elements clause in 18 U.S.C. § 924(c)(3)(A).

Jones may not rely on the rule announced in *Johnson* to attack his California robbery convictions as ACCA predicates because the district court relied "on a constitutionally valid legal theory" in sentencing Jones. *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017). Although the district court "suppose[d] [that] it's safer to say [that attempted robbery] presents a serious potential risk of physical injury to another because you're talking about an attempt," in the end, the court held that "attempted robbery . . . is in fact a predicate violent felony under 18

U.S.C. 924(e) either (1) or (2)." The district court's reliance on an invalid ground as well does not undermine its finding of a violent felony because a predicate conviction need only meet one of the ACCA's definitions of "violent felony."

Finally, our recent decision in *United States v. Watson*, — F.3d —, 2018 WL 650990 (9th Cir. Feb. 1, 2018), forecloses Jones's argument that armed bank robbery is not a "crime of violence" under the force/elements clause of 18 U.S.C. § 924(c)(3).

**AFFIRMED.**