**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW C. DAVIDSON, | No.    17-35264 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-05500-BHS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge

Submitted November 9, 2018[**]
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,[***] District
Judge.

Matthew Davidson appeals the district court's denial of his second petition

for habeas relief under 28 U.S.C. § 2255. Because the parties are familiar with the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

facts, we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. §§1291 and 2253, and we affirm.

As a threshold matter, we must decide whether Davidson's petition is timely. That is, we must decide whether it relies on the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See* 28 U.S.C. § 2255(h)(2). In this endeavor we are guided by the framework set forth in *United States v. Geozos*, 870 F.3d 890, 894-897 (9th Cir. 2017), which was decided after the district court issued the order giving rise to this appeal. Under *Geozos*, we look to the sentencing record; if the record makes clear that the district court did not rely on the residual clause in determining that a prior offense qualified as a predicate offense under the Armed Career Criminal Act, then the petition does not rely on *Johnson*. 870 F.3d at 895.

Here, the record is clear that the district court relied on the enumerated offense clause of 18 U.S.C. § 924(e)(2)(B)(ii) to find that Davidson's prior Washington state convictions for second-degree burglary qualified as predicate "violent felonies" for purposes of the Armed Career Criminal Act. At sentencing, the district court specifically referenced our decision in *United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003), which was an enumerated offenses clause case, and neither Davidson nor the Government advanced residual clause arguments before

or during sentencing.

Because the district court did not rely on the residual clause, Davidson's claim does not rely on the rule announced in *Johnson*. *Geozos*, 870 F.3d at 896. The § 2255 petition does not, therefore, meet the requirements for a second or successive motion under that section. *See* 28 U.S.C. § 2255(h). Moreover, it is time-barred as it does not otherwise meet the one-year statute of limitations set forth in that section. *See* 28 U.S.C. § 2255(f).

**AFFIRMED**.