**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-56879 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01622-GPC 3:12-cr-00236-GPC-21 |
| v. | |
| JOSE ORTEGA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and ENGLAND,** District Judge.

Jose Ortega ("Defendant") appeals from the district court's denial of his

motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Defendant pleaded guilty to one count of violating 18 U.S.C. § 924(c) for use of a

firearm in furtherance of a drug trafficking crime ("Count 7"), one count of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846 ("Count 2"), as well as one count of conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in violation of 18 U.S.C. § 1962(d) ("Count 1"). After Defendant's conviction, the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the "residual clause" concerning crimes of violence within the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) ("ACCA") was unconstitutionally vague. Defendant thereafter filed a § 2255 motion asking that the court vacate and correct his Count 7 sentence on the basis that § 924(c) contains a residual clause concerning crimes of violence identical to the ACCA. We have jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.

Defendant contends, in part, that: (1) under Johnson, § 924(c)'s residual clause is unconstitutionally vague, and as such, his § 1962(d) RICO conspiracy conviction cannot serve as a predicate "crime of violence" for a § 924(c) offense; (2) because § 1962(d) is overbroad and indivisible under the categorical approach, it likewise cannot serve as a predicate "drug trafficking offense" for his § 924(c) conviction; and (3) the district court erroneously applied the modified categorical approach to determine that the factual basis of Defendant's § 1962(d) conviction involved a drug trafficking crime.

Application of the categorical approach was unnecessary because the district

court permissibly reviewed "the record before the sentencing court" to determine that Count 7's predicate offense related to drug trafficking, not a crime of violence. United States v. Geozos, 870 F.3d 890, 896 (9th Cir. 2017). Under Geozos, "a claim does not 'rely on' [Johnson] if it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's [sentence] determination did not rest on the residual clause." Id. On this record, the district court properly found that Defendant's § 924(c) conviction rested on drug trafficking, not a crime of violence. Accordingly, it was unnecessary to determine Johnson's effect on § 924(c)'s residual clause or to apply the categorical approach to § 1962(d).

**AFFIRMED.**