**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAN DAMONE MONROE, | No. 17-56712 |
| Petitioner-Appellant, | D.C. Nos. CR-98-00060-AHS |
| | CV-15-02047-TJH |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted March 2, 2020
Submission Vacated March 6, 2020
Resubmitted September 14, 2021
Pasadena, California

Before: KLEINFELD and CALLAHAN, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Tran Damone Monroe appeals the district court's denial of his motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, or, in the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

alternative, of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of a § 2255 motion. *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014). We reverse and remand.

Monroe filed a § 2241 petition on December 9, 2015, arguing in relevant part that, in light of the Supreme Court's holding that the residual clause of the Armed Career Criminal Act was unconstitutional in *Johnson v. United States*, 576 U.S. 591 (2015), his prior California convictions for robbery under California Penal Code § 211 no longer qualified as "serious violent felonies" for purposes of 18 U.S.C. § 3559(c), the federal three-strikes law under which he was sentenced to life in prison. Monroe's appointed counsel omitted Monroe's *Johnson* argument concerning his state convictions in the § 2255 motion and habeas petition filed before the district court on May 31, 2016. The district court concluded that Monroe's § 2255 motion was untimely because it was filed more than one year after his conviction became final and Monroe "failed to identify, and the Court could not find, any Supreme Court precedent that recognized a retroactive right upon which Petitioner may bring this challenge."

On appeal, Monroe maintains that he insisted that his counsel make a *Johnson* argument and did not acquiesce in its omission at any stage of this case. The United States has "elected not to pursue any waiver arguments" concerning

2

Monroe's *Johnson* claim and concedes that if Monroe's motion is timely, this Court should remand to the district court for consideration on the merits.

It is unclear from the record before the Court whether the sentencing court relied on the residual clause in rejecting Monroe's objection that his state robbery convictions were not "serious violent felon[ies]" as defined by 18 U.S.C. § 3559(c)(2)(F). Accordingly, Monroe's § 2255 motion was timely because it was filed within one year of the Supreme Court's decision in *Johnson*, which is retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) ("[W]hen it is unclear whether a sentencing court relied on the residual clause . . . , but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*."), *overruled on other grounds by Stokeling v. United States*, 139 S. Ct. 544 (2019). We therefore reverse the district court's denial of Monroe's § 2255 motion on timeliness grounds and remand for consideration of his motion on the merits.

**REVERSED AND REMANDED.**