# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1059

_____

United States of America,

   Appellee,

  v.

Jason Donald Hamilton,

   Appellant.

   \*
   \*
   \*
   \* Appeal from the United States
   \* District Court for the
   \* Western District of Missouri.
   \*
   \* [UNPUBLISHED]
   \*

_____

Submitted: December 28, 2007
Filed: January 9, 2008

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jason Hamilton, who pleaded guilty to charges of being a felon in possession of an explosive device and possession of an unregistered destructive device, challenges the 120-month prison sentence imposed by the district court.[1] His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. Counsel asserts that the district court miscalculated Hamilton's base offense level by treating his conviction for stealing a car as a crime of violence. Hamilton has filed a supplemental brief, additionally asserting that his guilty plea was

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

involuntary, that his counsel was ineffective, and that the district court improperly included in his criminal history a prior vehicle-tampering conviction, which had resulted in a suspended imposition of sentence. We affirm.

Because Hamilton did not properly preserve any of the issues asserted on appeal, our review is for plain error. See United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002). We conclude that the district court did not err, much less plainly err, in any of its relevant sentencing determinations. See U.S.S.G. § 2K2.1 (base offense level of 26 required if defendant has 2 felony convictions for crimes of violence); U.S.S.G. § 4A1.2 ("conviction for which the imposition . . . of sentence was totally suspended shall be counted"); cf. Sun Bear, 307 F.3d at 751-53 (theft or attempted theft of vehicle is crime of violence under U.S.S.G. § 4B1.2).

We decline to consider the effectiveness of Hamilton's counsel, because ineffective-assistance claims ordinarily must be raised for the first time in a 28 U.S.C. § 2255 proceeding. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (claims of ineffective assistance ordinarily must be raised for first time in collateral proceedings because claim usually cannot be advanced without development of facts). We also decline to review Hamilton's challenge to the voluntariness of his guilty plea, in light of his failure to seek a withdrawal of his plea in the district court. See id.

We further conclude that Hamilton's sentence--at the bottom of the advisory Guidelines range--is not unreasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness for within-Guidelines-range sentences); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (applying appellate presumption). Having conducted an independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for direct appeal. Accordingly, we affirm the district court's judgment and grant

counsel leave to withdraw on the condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____