# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2687

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jason Donald Hamilton, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: February 12, 2010
Filed: May 6, 2010

———————

Before RILEY,[1] Chief Judge, SMITH and SHEPHERD, Circuit Judges.

———————

RILEY, Chief Judge.

Jason Donald Hamilton appeals the sentence he received at his resentencing hearing. Hamilton argues the district court[2] erred in increasing his base offense level to 22 pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(3) based on Hamilton's prior conviction for second degree assault. Because we hold Hamilton

———————

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

forfeited his right to challenge the classification of his prior conviction as a crime of violence, we affirm.

## I.    BACKGROUND

In October 2006, Hamilton pled guilty to being a felon in possession of an explosive device and possession of an unregistered destructive device, namely a pipe bomb, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 26 U.S.C. §§ 5845, 5861(d) and 5871. Hamilton had two prior felony convictions in Missouri state court: (1) stealing a car, and (2) assault in the second degree. Based on these prior convictions, the district court found Hamilton's base offense level was 26 pursuant to U.S.S.G. § 2K2.1(a)(1) (establishing a base offense level of 26 "if (A) the offense involved a [destructive device]; and (B) the defendant committed . . . the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense"). The district court sentenced Hamilton to two concurrent terms of 120 months imprisonment.

Hamilton appealed his sentence, asserting the district court incorrectly treated Hamilton's conviction for stealing a car as a crime of violence, and thus miscalculated Hamilton's base offense level. See United States v. Hamilton, 261 F. App'x 928 (8th Cir. 2008). Hamilton also argued "that his guilty plea was involuntary, that his counsel was ineffective, and that the district court improperly included in his criminal history a prior vehicle-tampering conviction." Id. We found no error and affirmed the district court. See id. at 928, 929.

In January 2009, Hamilton filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Among other things, Hamilton argued the district court incorrectly categorized Hamilton's prior conviction for stealing a car as a crime of violence. The government conceded, and the district court found, Hamilton was entitled to resentencing pursuant to our court's August 2008 decision in United States v. Williams, 537 F.3d 969, 975 (8th Cir. 2008) ("[A]pplying Missouri law, we

-2-

conclude that auto theft by deception [and] auto theft without consent . . . are not crimes of violence for purposes of U.S.S.G. § 2K2.1(a)(2)."). The district court denied Hamilton's motion in all other respects.

The district court ordered a new presentence investigation report (PSR) for Hamilton. The new PSR calculated a base offense level of 22 based on Hamilton's second degree assault conviction. See U.S.S.G. § 2K2.1(a)(3) (establishing a base offense level of 22 "if (A) the offense involved a [destructive device]; and (B) the defendant committed . . . the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense"). Hamilton objected to the PSR, arguing his assault conviction did not qualify as a crime of violence because Hamilton had been charged with and convicted of "*recklessly caus[ing] serious physical injury to [Hamilton's victim]* by repeatedly hitting and kicking him," in violation of Mo. Rev. Stat. § 565.060(3).

Hamilton was resentenced in July 2009. At the resentencing hearing, Hamilton moved to reopen his § 2255 motion to add a challenge to the district court's previous determination that Hamilton's second degree assault conviction was a crime of violence for purposes of U.S.S.G. § 2K2.1(a). The district court denied Hamilton's motion. Hamilton then requested the district court expand the scope of the resentencing hearing and consider, on the merits, whether Hamilton's prior conviction for recklessly causing serious physical injury constituted a crime of violence. The district court determined Hamilton had forfeited his right to object to the district court's classification of the second degree assault conviction as a crime of violence because Hamilton failed to make the objection at an earlier stage in the proceedings. The district court then stated, even if Hamilton had not forfeited his objection, the district court would have found Hamilton's conviction qualified as a crime of violence. The district court sentenced Hamilton to two concurrent terms of 84 months imprisonment. Hamilton again appeals.

## II.    DISCUSSION

Hamilton claims the district court erred in applying a U.S.S.G. § 2K2.1(a)(3) enhancement based on the district court's finding that Hamilton's prior conviction for reckless assault was a crime of violence.  "We review de novo a district court's finding that prior convictions constitute crimes of violence as defined in § [2K2.1(a)(3)]."  United States v. Davis, 583 F.3d 1081, 1092 (8th Cir. 2009) (quoting United States v. LeGrand, 468 F.3d 1077, 1081 (8th Cir. 2006)).

The government asserts Hamilton forfeited his right to challenge whether his prior conviction for reckless assault qualifies as a crime of violence because Hamilton failed to raise that objection at his initial sentencing hearing, in his initial appeal, and in his subsequent 28 U.S.C. § 2255 motion.  We agree.

Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion. See Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998).  Hamilton raised various claims in his initial appeal, including a challenge to whether his conviction for stealing a car qualified as a crime of violence; however, Hamilton did not appeal the district court's finding that his reckless assault conviction was a crime of violence. See Hamilton, 261 F. App'x at 928.  Thus, Hamilton forfeited his right to challenge whether his reckless assault conviction warranted a U.S.S.G. § 2K2.1(a)(3) enhancement by not raising the issue at his initial sentencing or on direct appeal.

Even if Hamilton had not procedurally defaulted the claim he now seeks to make by failing to raise it on direct appeal, we nevertheless would conclude Hamilton forfeited his right to object to the district court's classification of his reckless assault conviction as a crime of violence when he failed to raise that challenge in his 28 U.S.C. § 2255 motion.  See Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts (stating a § 2255 motion must "specify all the grounds for relief available to the moving party"); see also 28 U.S.C.

§ 2255(h) (declaring a successive § 2255 motion is not permitted unless the motion is certified by a panel of this court to contain "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Hamilton's challenge to the classification of his reckless assault conviction does not rely on newly discovered evidence or a new rule of constitutional law, and he easily could have made the challenge at the time he filed his § 2255 motion.[3] The district court did not err in finding Hamilton forfeited his objection.

Hamilton also seeks review of the district court's statement that had Hamilton not forfeited his objection, the district court would have found Hamilton's prior reckless assault conviction qualified as a crime of violence. Because we agree with the district court's primary holding that Hamilton forfeited his right to challenge whether his prior conviction qualified as a crime of violence due to Hamilton's failure to raise that claim during the initial sentencing hearing, on direct appeal, and in his original § 2255 motion, we need not consider the merits of the district court's alternate holding.

## III. CONCLUSION

For the reasons stated above, we affirm.

_____

_____

[3]With the exception of United States v. Gordon, 557 F.3d 623 (8th Cir. 2009), every case Hamilton cites in his brief was decided before Hamilton filed his original § 2255 motion in January 2009. Gordon does not contain a new rule of constitutional law.