# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 15-2581

———————————————

Raphael L. Donnell,

*Petitioner,*

v.

United States of America,

*Respondent.*

——————————

On Motion for Authorization to File a Second
or Successive Motion Under 28 U.S.C. § 2255

——————————

Filed:  June 20, 2016
[Published]

——————————

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Raphael Donnell moves for authorization to file a second or successive motion under 28 U.S.C. § 2255(h).  He seeks to challenge a sentence that was imposed in 2008 after the district court applied the career-offender sentencing guideline, USSG § 4B1.1, in calculating Donnell's advisory sentencing range.  Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), Donnell seeks to argue that the residual clause

of USSG § 4B1.2(a)(2) is unconstitutionally vague and that his sentence should be vacated.

This court may authorize a second or successive motion under § 2255 if the movant makes a "prima facie showing" that the motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(2), 2244(b)(3)(C); *see Kamil Johnson v. United States*, 720 F.3d 720, 720 (8th Cir. 2013) (per curiam). A prima facie showing is "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Kamil Johnson*, 720 F.3d at 720 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

The Supreme Court in *Johnson* announced a new rule of constitutional law. The Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague and that increasing a defendant's sentence under that clause violated the constitutional right to due process. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court made the new rule of *Johnson* retroactive to cases on collateral review.

Donnell seeks to extend *Johnson* and *Welch* by urging that the residual clause of USSG § 4B1.2(a)(2) is also unconstitutionally vague. He further contends that the constitutional rule that he proposes for the sentencing guidelines should be applied retroactively to cases on collateral review. Whether an advisory sentencing guideline is susceptible to a vagueness challenge is an open question in this circuit. *See United States v. Ellis*, 815 F.3d 419, 421 (8th Cir. 2016). The issue is reasonably debatable, and the answer is not dictated by *Johnson*. *Id*. *Compare, e.g.*, *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *3-4 (6th Cir. May 13, 2016), *and United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), *with United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), *and United States v. Lee*, No. 13-10517, 2016 WL 2638364, at *7-10 (9th Cir. May 6, 2016) (Ikuta, J., dissenting). For

Donnell's successive motion to succeed, therefore, the post-conviction court must announce a second new rule that extends *Johnson* to the sentencing guidelines.

Section 2255(h)(2) says that a second or successive motion must be certified "to contain" a new rule of constitutional law that has been made retroactive by the Supreme Court. "To contain" means "to consist of wholly or in part," to "comprise," or to "include." *Webster's Third New International Dictionary* 491 (2002). Mere citation of a new rule in a successive motion is not sufficient to justify certification. A movant surely cannot be authorized to pursue a claim unrelated to the new rule simply by citing *Johnson* and *Welch* and claiming that his motion "contains" a new rule. The new rule must have a nexus to the right asserted in the motion.

In determining what nexus is required, we must view § 2255(h) in context. The meaning of § 2255(h)(2) is informed by surrounding and related provisions. We glean from this context that to satisfy the prerequisites for the filing of a successive motion, the new rule contained in the motion must be a new rule that recognizes the right asserted in the motion.

One significant related provision concerns the statute of limitations. Ordinarily, a § 2255 motion must be filed within one year of the date when a conviction becomes final. 28 U.S.C. § 2255(f)(1). Section 2255(f)(3), however, establishes an extended statute of limitations of one year from "the date *on which the right asserted was initially recognized by the Supreme Court*, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). Section 2255(h)(2) should be construed *in pari materia* with § 2255(f)(3), as the limitations provision undoubtedly was designed to accommodate second or successive motions authorized under § 2255(h)(2). Section 2255(h)(2) is thus more naturally understood to require certification that a successive motion contains a new rule that recognizes the right asserted in the motion. The structure of the statute counsels against construing

§ 2255(h)(2) more broadly to authorize the filing of successive motions that are routinely barred by the statute of limitations.

The parallel provision for successive state habeas petitions is consistent with this understanding. Section 2244(b)(2)(A) requires certification that a claim "relies on" a new rule, and it makes sense to interpret § 2255(h)(2) similarly despite a modest difference in wording. *See Bennett*, 119 F.3d at 469; *cf. United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010). A claim "relies on" a new rule when it is "based on" a new rule, *Calderon v. Thompson*, 523 U.S. 538, 558 (1998), and this court has applied that standard to motions for authorization under § 2255(h)(2). *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam). A claim is truly "based on" a new rule only when the new rule recognizes the right asserted. *See Webster's Third New International Dictionary* 180 (defining "base" as "the fundamental part of something: ESSENCE, FOUNDATION"). Where a claim depends on recognition of a second new rule, the claim is best understood as relying on that second rule for a grant of relief.

Construing § 2255(h)(2) to require a new rule that recognizes the right asserted in the successive motion also aligns with the remainder of § 2255(h). Section 2255(h)(2) is paired with § 2255(h)(1), which concerns authorization for successive motions based on newly discovered evidence. Where newly discovered evidence is the ground for authorization, that evidence must be sufficient to justify a grant of relief. 28 U.S.C. § 2255(h)(1). This requirement in § 2255(h)(1) fortifies our conclusion that a "new rule of constitutional law" that warrants authorization under § 2255(h)(2) likewise must be sufficient to justify a grant of relief. It is not enough for the successive motion to cite a new rule that merely serves as a predicate for urging adoption of another new rule that would recognize the right asserted by the movant.

-4-

Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review. His motion urges the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines. We therefore conclude that the successive motion should not be certified "to contain" a new rule made retroactive by the Supreme Court as required by § 2255(h)(2). *Accord In re Stine*, No. 16-40505, slip op. at 2-3 (5th Cir. June 2, 2016) (per curiam); *Richardson v. United States*, 623 F. App'x 841, 842 (8th Cir. 2015) (per curiam). *But see In re Encinias*, No. 16-8038, 2016 WL 1719323, at \*2 (10th Cir. Apr. 29, 2016) (per curiam).

For these reasons, Donnell's motion for authorization to file a second or successive motion is denied.

_____