# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4284

_____

Darrell D. Walker

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 12, 2018
Filed: August 20, 2018

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Darrell Walker appeals the district court's denial of his successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 2004, a jury found Walker guilty of two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 293 months' imprisonment under the Armed Career Criminal

Act ("ACCA") due to his prior Missouri burglary convictions.[1]  *See* 18 U.S.C. § 924(e).  In 2009, the court denied his first motion to vacate, set aside, or correct his sentence under § 2255.

In 2015, the Supreme Court ruled that the ACCA's residual clause was unconstitutionally vague.  *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015).  Subsequently, the Court held that *Johnson* announced a "new rule" that is retroactive on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).  As a result, in June 2016, we granted Walker authorization for a successive § 2255 motion, in which he claimed that his prior Missouri convictions for burglary of an inhabitable structure no longer qualify him as an armed career criminal.  The district court denied relief, reasoning that—as the law stood in 2016—Walker's burglary convictions still qualified as violent felonies under the enumerated-offenses clause.  We granted a certificate of appealability.

On appeal, Walker now argues that his sentence should be vacated and the case remanded for resentencing without application of the ACCA.  He maintains that his original sentence relied on the residual clause and points out that his Missouri burglary convictions are no longer valid ACCA predicates under the enumerated-offenses clause in light of recent decisions.  *See Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018) (en banc).  We

---

[1]The ACCA applies to defendants convicted of being a felon in possession of a firearm or ammunition who have three or more prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  When Walker was sentenced in 2005, a violent felony included "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause or force clause); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  *Id.* § 924(e)(2)(B) (2005).

review *de novo* the denial of a § 2255 motion. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).

In authorizing Walker to bring a second motion, we necessarily determined that he had made a *prima facie* case that he satisfied the requirements of § 2255. *See, e.g.*, *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) (explaining the requirements for authorizing a successive § 2255 motion). As relevant here, § 2255(h) precludes a movant from bringing a successive motion unless it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In light of the Supreme Court's opinions in *Johnson* and *Welch*, we concluded that Walker satisfied this threshold requirement.

This determination was preliminary. *See Kamil Johnson v. United States*, 720 F.3d 720, 720-21 (8th Cir. 2013) (per curiam). We have "emphasize[d] that the district court must not defer to our preliminary determination in granting the authorization as our grant is tentative." *Id.* at 721 (alteration, citation, and internal quotation marks omitted). The movant also must satisfy the district court that his claim in fact "relies on" a new rule.[2] *Bennett v. United States*, 119 F.3d 468, 470 (7th

---

[2]Though § 2255(h) refers directly only to the need for preliminary authorization before bringing a successive habeas petition, it references 28 U.S.C. § 2244. We have applied the requirements for state habeas claims set forth in § 2244(b) to federal prisoners bringing claims under § 2255. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Section 2244(b)(2)(A) requires dismissal unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." We have interpreted § 2255(h) and § 2244(b)(2)(A) "similarly despite a modest difference in wording" and explained that the new rule must "recognize[] the right asserted in the motion." *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016). We need not parse the modest difference in wording here. We use the "relies on" language for the sake of consistency with the other circuits whose opinions we discuss below.

Cir. 1997) ("The movant must get through two gates before the merits of the motion can be considered."). The Government argues that Walker did not make a sufficient showing that his claim relies on *Johnson*'s new rule that the residual clause is unconstitutional, and it maintains that his claim in fact relies on the Supreme Court's non-retroactive decision in *Mathis*.

The original sentencing court did not specify whether the residual clause or another provision of the ACCA, such as the enumerated-offenses clause, provided the basis for Walker's ACCA enhancement. Our sister circuits disagree on how to analyze this issue. Two circuits have concluded that a claim for collateral relief "relies on" *Johnson*'s new rule and satisfies § 2255 if the sentencing court "may have" relied on the residual clause. *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). To support this approach, the Ninth Circuit drew an analogy to the *Stromberg* rule, which requires a conviction to be set aside when a general jury verdict may rest on an unconstitutional ground. *Geozos*, 870 F.3d at 896 (citing *Stromberg v. California*, 283 U.S. 359 (1931)). For its part, the Fourth Circuit expressed concern about treating similarly situated defendants differently on the basis of the sentencing court's "discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." *Winston*, 850 F.3d at 682.

By contrast, several other circuits instead require a movant to show that it is more likely than not that the residual clause provided the basis for an ACCA sentence. *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018), *cert. denied*, No. 17-1251, 2018 WL 1243146 (June 25, 2018); *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017). These courts emphasize that a § 2255 movant bears the burden of showing that he is entitled to relief and stress the importance of the finality of convictions, one of Congress's motivations in passing the Antiterrorism and Effective

Death Penalty Act. *See Beeman*, 871 F.3d at 1222-24; *Washington*, 890 F.3d at 896; *Dimott*, 881 F.3d at 236, 241-42.

We agree with those circuits that require a movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement. *See Dimott*, 881 F.3d at 243; *Washington*, 890 F.3d at 896; *Beeman*, 871 F.3d at 1221-22. Under the longstanding law of this circuit, a movant bears the burden of showing that he is entitled to relief under § 2255. *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) (per curiam). The mere possibility that the sentencing court relied on the residual clause is insufficient to satisfy this burden and meet the strict requirements for a successive motion. *See Washington*, 890 F.3d at 896 (explaining why *Stromberg* should be confined to general jury verdicts); *Dimott*, 881 F.3d at 241 (same). We also believe that applying this "uniform rule" reasonably addresses the Fourth Circuit's concerns about the "selective application" of *Johnson*'s new rule. *See Dimott*, 881 F.3d at 242. As the Eleventh Circuit has explained, "It is no more arbitrary to have a movant lose in a § 2255 proceeding because of a silent record than to have the Government lose because of one. What would be arbitrary is to treat *Johnson* claimants differently than all other § 2255 movants claiming a constitutional violation." *Beeman*, 871 F.3d at 1224.

Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court. *See id.* at 1224 n.5 (stating that the basis for an enhancement is "a historical fact"). Where the record or an evidentiary hearing is inconclusive, the district court may consider "the relevant background legal environment at the time of . . . sentencing" to ascertain whether the movant was sentenced under the residual clause. *Washington*, 890 F.3d at 896; *see also United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017) (explaining that "the relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing"), *cert. denied*, 138 S. Ct. 1696 (2018). In some cases, the legal background at the time of sentencing will establish that the

enhancement was necessarily based on the residual clause. *See, e.g.*, *United States v. Taylor*, 873 F.3d 476, 482 (5th Cir. 2017) (stating that precedent established that one of the requisite predicate convictions "could have applied only under the residual clause"). By contrast, "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Beeman*, 871 F.3d at 1222. Moreover, as the Tenth Circuit emphasized in *Washington*, it is not enough for Walker to show that "the background legal environment at the time of Defendant's sentencing reveals 'the residual clause offered the path of least analytical resistance.'" *Washington*, 890 F.3d at 898-99.

In denying Walker's successive § 2255 claim, the district court did not determine whether the residual clause led the sentencing court to apply the ACCA enhancement. It also assumed—given the state of the law in 2016—that an evidentiary hearing was unnecessary because Walker's burglary convictions qualified as violent felonies even without the residual clause. Despite the sparse sentencing record that exists in this case, "it is the function of the District Court rather than the Court of Appeals to determine the facts." *See Murray v. United States*, 487 U.S. 533, 543 (1988). Thus, we vacate the order denying Walker's second motion and remand to the district court to determine in the first instance whether Walker has shown by a preponderance of the evidence that his successive § 2255 claim relies on *Johnson*'s new rule invalidating the residual clause. The district court should proceed to the merits only if Walker is able to carry his burden.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I agree that denial of Walker's successive § 2255 motion was not proper. As the court explains, the district court did not undertake to analyze whether Walker's sentence was based on the residual clause, because it relied instead on now-overruled precedents to conclude that Missouri burglary qualified as a violent felony under the enumerated offenses clause. But, as we recently held, Missouri burglary "covers more conduct than does generic burglary," so it "do[es] not qualify as [a] violent felon[y] under the ACCA." Naylor, 887 F.3d at 407. I concur in the part of the court's opinion reaching that necessary conclusion. However, I am unpersuaded that, between the two approaches it considers, the court adopts the correct one.

As to our assessment of claims purporting to rely on Johnson, I agree with the approach advanced by the Fourth and Ninth circuits (and numerous district courts, see United States v. Wilson, 249 F. Supp. 3d 305, 311–12 (D.D.C. 2017) (collecting cases from various district courts including the Eastern District of Missouri[3])). I would hold that a claim for collateral relief under Johnson should be granted so long as the movant has shown that his sentence may have relied on the residual clause, and the government is unable to demonstrate to the contrary. Geozos, 870 F.3d at 969. I think it is unwise to adopt an approach that would "penalize a movant for a [district] court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." Winston, 850 F.3d at 682. And further, I find the court's reliance on the movant's burden of proof as the reason for setting the bar higher to be unpersuasive. It is true—so far as it goes—that, a movant bears the

_____

[3]Bevly v. United States, No. 4:16-cv-965, 2016 WL 6893815, at *1 (E.D. Mo. Nov. 23, 2016) ("In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause."); Givens v. United States, No. 4:16-cv-1143, 2016 WL 7242162, at *4 (E.D. Mo. Dec. 15, 2016) (quoting Bevly); see also Diaz v. United States, No. 1:16-cv-323, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016); United States v. Ladwig, 192 F. Supp. 3d 1153, 1159 (E.D. Wash. 2016).

burden of proving that she is entitled to relief under § 2255, Kress, 411 F.2d at 20, but *what* the movant has to prove is a different question.  Under § 2255, a movant does not have to show that her claim is "resolved by" a new and retroactive rule of constitutional law, but rather that her claim "relies on" the same.  See Winston, 850 F.3d at 682 (explaining that a claim for post-conviction relief "relied on" the rule in Johnson where the record was silent); Geozos, 870 F.3d at 897; see also Raines v. United States, ___ F.3d ___, 2018 WL 3629060, at *8–9 (6th Cir. July 31, 2018) (Cole, C.J., concurring) ("Since Welch turned on what a petitioner needed to do to allege the denial of a 'constitutional' right, it also applies to petitioners bringing second-or-successive petitions . . . . If a petition that pairs a new-rule-of-constitutional-law challenge and an old-rule-of-statutory-law challenge satisfies § 2253(c)'s 'constitutional' right requirement as Welch telegraphs, then such a petition also satisfies § 2255(h).").  Here, where the record is silent, Walker's claim "relies on" Johnson because his claim would not have been meritorious before the residual clause was held unconstitutional.  See, e.g., Mitchell v. United States, No.16-cv-3194, 2017 WL 1362040, at *3 (W.D. Mo. Apr. 11, 2017) ("Only with Johnson's invalidation of the residual clause can Movant reasonably argue that he is no longer eligible for the ACCA enhancement.  Because Johnson provides Movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on [it]."  (cleaned up)).

Further—even under the more stringent standard that the court adopts—I believe it is unnecessary to remand the case for factfinding because "the relevant background legal environment at the time of [Walker's] sentencing," Washington, 890 F.3d at 896, is clear.  In other words, I would conclude—like the court in United States v. Taylor, 873 F.3d 476, 481 (5th Cir. 2017)—that Walker's claim merits relief under either standard.  Walker was initially sentenced on August 12, 2005.  However, in February 2005, this court, in upholding an ACCA sentencing enhancement for second-degree burglary in Missouri had written that "[w]e have consistently held that burglary is a predicate offense under § 924(e) and U.S.S.G. § 4B1.2."  United States

v. Nolan, 397 F.3d 665, 666 (8th Cir. 2005). Among the precedents we cited in support of this position was United States v. Blahowski, 324 F.3d 592, 594 (8th Cir. 2003) (concluding that burglary is a crime of violence because it "otherwise involves conduct that presents a serious potential risk of physical injury to another," i.e., because it satisfies the residual clause).[4] In other words, at the time Walker was sentenced, our case law had "consistently held" that burglary was a crime of violence, relying on the residual clause—or, in some other cases, relying on the breadth of the residual clause to avoid deciding which clause of the ACCA an offense satisfied, see, e.g., United States v. Cantrell, 530 F.3d 684, 695–96 (8th Cir. 2008) (concluding that "regardless of whether Cantrell's [Missouri] burglary conviction was a 'generic burglary,'" he was a career offender under the Guidelines "because Cantrell's [Missouri] second-degree burglary conviction constituted a 'crime of violence' under the 'otherwise involves conduct that presents a serious potential risk of physical injury to another' clause"). Because "the relevant background legal environment" is clear, I see no reason to remand this case to the district court. I respectfully concur in part and dissent in part from the court's opinion.

—————————————————

[4]See also United States v. Mohr, 382 F.3d 857, 860 (8th Cir. 2004) ("Our court has reasoned that since burglary always creates a 'serious potential risk of physical injury to another,' it qualifies as a crime of violence."), cert. granted, judgment vacated, and case remanded on other grounds sub nom. Mohr v. United States, 542 U.S. 1181 (2005); United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996) ("As we have said, second-degree burglary poses a 'serious potential risk for physical injury.'").