# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1011
_____

John Forrest, also known as John Forrest Rothermel,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: February 15, 2019
Filed: August 15, 2019
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

John Forrest appeals an order of the district court[1] denying his successive motion to correct his sentence under 28 U.S.C. § 2255. We conclude that Forrest does

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

not meet the requirements of § 2255(h)(2) for filing a successive motion, and we therefore affirm the denial of relief.

Forrest was convicted in 2009 on one count of unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act, he was subject to a mandatory minimum sentence of fifteen years' imprisonment if he had sustained three prior convictions for a "violent felony." *Id.* § 924(e)(1). "Violent felony" means "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). We refer to these clauses as the force clause, the enumerated offenses clause, and the residual clause, respectively.

At sentencing, the district court determined that Forrest had sustained four prior convictions for violent felonies: Colorado convictions for menacing, robbery, and second-degree burglary, and a Kansas conviction for attempted burglary. The court imposed the statutory minimum term of 180 months' imprisonment.

On appeal, this court affirmed. *United States v. Forrest*, 611 F.3d 908 (8th Cir. 2010). We held that Forrest's menacing and robbery convictions qualified as violent felonies under the force clause, that his Colorado second-degree burglary conviction counted under the enumerated offenses clause, and that his Kansas attempted burglary conviction met the standard under the residual clause. *Id.* at 911-13. The district court denied Forrest's first motion to vacate his sentence in 2011.

The Supreme Court then held in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), that the residual clause is unconstitutionally vague and eventually applied *Johnson* retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). In light of *Johnson* and *Welch*, this court

granted Forrest leave under § 2255(h) to file a successive motion to correct his sentence.

In the district court, Forrest argued that his Kansas attempted burglary conviction no longer counted as a violent felony after *Johnson*. He maintained that because *Johnson* changed the status of the attempted burglary conviction, he should be afforded a new sentencing hearing at which he could rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), to show that his Colorado conviction for second-degree burglary also is not a violent felony under current law. If those arguments were to succeed, then Forrest would have only two remaining convictions for a violent felony, and he would not be an armed career criminal subject to enhanced punishment.

The district court denied the motion, concluding that *Johnson* left three of Forrest's prior convictions unaffected, and that *Mathis* and *Descamps* do not apply retroactively. Forrest appeals, and we review the district court's legal conclusions *de novo*.

An order granting leave to file a successive motion under § 2255 is a preliminary determination subject to fuller consideration after the motion is filed. *See Kamil Johnson v. United States*, 720 F.3d 720, 720-21 (8th Cir. 2013) (per curiam). To proceed with a successive motion under § 2255(h)(2), a movant must establish that his motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see Kamil Johnson*, 720 F.3d at 720-21. A motion "contains" a new rule if it "relies on" the new rule. *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016). And a claim truly "relies on" a new rule only when the rule is "sufficient to justify a grant of relief." *Id.* at 1017.

The only new rule on which Forrest relies is the unconstitutionality of the residual clause established in *Johnson*. Neither *Mathis* nor *Descamps* announced a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018). Forrest contends, however, that once *Johnson* eliminates his Kansas attempted burglary conviction as a violent felony, he is entitled to a "recount" of his other convictions under current law.

Forrest also suggests that because *Johnson* provides "an avenue of relief that was not previously available,"—that is, a means to avoid counting any of the convictions under the residual clause—Forrest for the first time has reason to dispute that his convictions count under the force clause or the enumerated offenses clause. *See Stoner v. United States*, No. 1:16-CV-156 CAS, 2017 WL 2535671, at *3-4 (E.D. Mo. June 12, 2017). Because his motion "uses" *Johnson* to eliminate counting convictions under the residual clause, he intimates that the motion "relies on" a new rule of constitutional law and satisfies the requirements for a successive motion under § 2255(h)(2). *Id.* at *4. Forrest asserts that once he relies on *Johnson* to file a successive motion, he may rely on the non-retroactive decisions in *Mathis* and *Descamps* to avoid counting his prior convictions.

We reject these contentions because Forrest's motion does not "rely on" *Johnson* in the relevant sense. *Johnson* does not establish that he is entitled to relief, because that intervening decision does not undermine our conclusion on direct appeal that three of Forrest's prior convictions qualified as violent felonies under the force clause or the enumerated offenses clause. That *Johnson* might have eliminated a fourth conviction, or an unnecessary alternative ground for counting the three qualifying convictions, does not entitle Forrest to pursue a successive motion. Without a showing that the retroactive decision in *Johnson* justifies relief, Forrest cannot challenge his sentence based on intervening decisions with no retroactive effect. *See Donnell*, 826 F.3d at 1016-17.

As the district court observed, Forrest's approach would also be unjust: an offender with three non-residual clause convictions could not satisfy the prerequisites for filing a successive motion, while an offender who had sustained the same three convictions plus another conviction that qualified under the residual clause would be entitled to a "recount." The statute does not countenance that sort of disparate treatment.

The concurring opinion would avoid the disparate treatment by allowing virtually every armed career criminal to proceed with a successive motion, whether or not *Johnson* would justify relief. So long as a defendant had sustained *any* prior conviction that counted under the residual clause at the time of sentencing, even if the residual clause was immaterial to the sentence, the concurrence would allow relief and resentencing under current law. In our view, this is simply a backdoor means of applying nonretroactive decisions like *Mathis* and *Descamps* retroactively, and we do not approve it.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, concurring in the judgment.

Under § 2255(h)(2), a second or successive § 2255 motion must "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In my view, Forrest's motion meets this requirement because it contains a <u>Johnson</u> claim. But under our circuit's case law, "[a] 2255 movant bringing a *Johnson* claim must 'show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement.'" <u>Golinveaux v. United States</u>, 915 F.3d 564, 567 (8th Cir. 2019) (quoting <u>Walker v. United States</u>, 900 F.3d 1012, 1015 (8th Cir. 2018), <u>cert. denied</u>, No. 18-8125, 2019 WL 936692 (June 17, 2019)). To determine whether a movant has met his burden of proof on this threshold issue, <u>Walker</u> directs courts to first examine

-5-

the sentencing record. See id. at 568. Here, the sentencing court identified four prior convictions that it determined qualified as violent felonies, without specifying which three formed the basis for the ACCA enhancement. Forrest concedes that Johnson invalidates only one of the four prior convictions and therefore the record does not conclusively establish that the residual clause led the sentencing court to apply the ACCA enhancement.

Where, as here, the record is inconclusive, Walker directs us to next "determine the relevant legal environment at the time of sentencing." Id. Our precedent at the time of sentencing suggested that three of Forrest's prior convictions qualified as violent felonies under clauses other than the residual clause, so the district court could have applied the ACCA enhancement without invoking the residual clause.[2] As a result, Forrest cannot show that the district court more likely than not relied on the residual clause when imposing his sentence. I thus concur in the outcome of Forrest's appeal because Walker demands it.[3]

---

[2]Under Eighth Circuit precedent at the time, Forrest's prior Colorado conviction for second degree burglary qualified as a violent felony under the enumerated offenses clause using the modified categorical approach. See Forrest, 611 F.3d at 912–13. We now know that our precedent at the time incorrectly applied the modified categorical approach, see Mathis, 136 S. Ct. at 2253–54, rev'g 786 F.3d 1068 (8th Cir. 2015), which means that this prior conviction never qualified as a violent felony for purposes of the ACCA. But Walker requires us to look at the "relevant background legal environment at the time of sentencing," 900 F.3d at 1015 (cleaned up), without considering whether that background later turned out to be legally incorrect.

[3]In my view, Donnell does not allow us to sidestep Walker's analysis. The court cites Donnell for the proposition that "a claim truly 'relies on' a new rule only when the rule is 'sufficient to justify a grant of relief.'" Supra at 3 (quoting Donnell, 826 F.3d at 1017). I do not read Donnell to stand for this proposition. Donnell concerned a § 2255 motion seeking to extend Johnson to invalidate the residual clause of the career offender sentencing guideline. See Donnell, 826 F.3d at 1015. This court refused to authorize the motion, holding that § 2255(h)(2) requires a second or successive motion to "contain[] a new rule that recognizes the right asserted in the

But I continue to disagree with <u>Walker</u>'s approach.  <u>See</u> <u>Walker</u>, 900 F.3d at 1016 (Kelly, J., concurring in part and dissenting in part).  As I read the statutory language, those filing second or successive § 2255 motions must show that their claim "relies on" a new and retroactive rule of constitutional law in the sense that their claim would not be successful without the new rule; they are not required to show that their claim is successful solely because of the new rule.[4]  Under my reading, Forrest's "claim 'relies on' <u>Johnson</u> because his claim would not have been meritorious before the residual clause was held unconstitutional."  <u>Id.</u>  The fact that <u>Johnson</u>, standing alone, does not completely resolve Forrest's claim should not bar this court from reaching the merits of his motion.  <u>See</u> <u>id.</u>

The merits of Forrest's motion demonstrate the inherent unfairness in <u>Walker</u>'s approach. It is undisputed that under current law, Forrest does not qualify for an ACCA enhancement.  Yet he will be required to serve five years more than the statutory maximum sentence for his offense as the result of the ACCA enhancement because the original application of the enhancement might have resulted from not one

---

motion."  <u>Id.</u> at 1016; <u>see also</u> <u>Walker</u>, 900 F.3d at 1014 n.2.  We explained that the motion before us did not satisfy this standard because it "cite[d] a new rule that merely serves as a predicate for urging adoption of another new rule," and therefore the new rule—<u>Johnson</u>—was not "sufficient to justify a grant of relief."  <u>Donnell</u>, 826 F.3d at 1017.  Forrest, in contrast, does not ask us to extend <u>Johnson</u> or any other rule.  The government concedes that under <u>Johnson</u>, one of Forrest's prior convictions no longer qualifies as a violent felony under the ACCA.  There is no question that <u>Johnson</u> "recognizes the right asserted" in Forrest's motion.  Therefore, I do not join in the court's reasoning.

[4]Contrary to the court's characterization, I do not read § 2255 to "allow relief and resentencing" whenever a defendant identifies a "prior conviction that counted under the residual clause at the time of sentencing."  <u>Supra</u> at 5.  Rather, I read § 2255 as allowing the court to *consider the merits of the motion* when "the movant has shown that his sentence may have relied on the residual clause, and the government is unable to demonstrate to the contrary."  <u>Walker</u>, 900 F.3d at 1016 (Kelly, J., concurring in part and dissenting in part).

mistake, but two: first, application of the residual clause, which the Supreme Court later struck from the statute as unconstitutional; and second, application of our circuit's case law on the modified categorical approach, which the Supreme Court later explained was erroneous and had been for some time. See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). But for this court's erroneous understanding of how to identify an ACCA predicate offense at the time of Forrest's sentencing, the district court would have identified three predicates, and Forrest would now qualify for relief under Johnson because he has only two predicates. I would not penalize Forrest with five years' imprisonment because of our error while similarly situated § 2255 movants in other circuits obtain relief, just as I would not "penalize a movant for a district court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." Walker, 900 F.3d at 1016 (Kelly, J., concurring in part and dissenting in part) (cleaned up). But this is the sort of disparate treatment that Walker requires. Therefore, I reluctantly concur in the judgment.

_____